UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Z.H.W., an infant by her natural mother and
Legal Guardian, CHARLENE WILLIAMS
and CHARLENE WILLIAMS, Individually

                                       Plaintiffs,

   -against-

THE UNITED STATES OF AMERICA,
DEPARTMENT OF HEALTH AND HUMAN
SERVICES; SUNSET PARK HEALTH
COUNCIL, INC. D/B/A LUTHERAN FAMILY
HEALTH CENTERS,
                              Defendants.
---------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

**12-cv-3912 (RJD) (ST)**

**TISCIONE, United States Magistrate Judge:**

Plaintiff Z.H.W. (or "infant Plaintiff"), an infant by her legal guardian Charlene Williams, moved this Court for approval of an infant's compromise resolving all the claims in this action against the defendant United States of America, stemming from the infant plaintiff's birth-related neurological injury suffered as a result of negligent medical care provided by the defendant at the defendant's medical facility. See Second Mot. for Approval of Infant Compromise by Z.H.W., ECF No. 68; First Mot. to Amend Second Mot. for Approval of Infant Compromise by Z.H.W. ("Proposed Settlement Agreement" or "Proposed Infant's Compromise Order"), ECF No. 76. This motion has been referred to me for a Report and Recommendation by the Honorable Raymond J. Dearie. See Docket Order, June 17, 2019. For the reasons discussed below, I respectfully recommend that the Plaintiffs' Second Motion for Approval of Infant Compromise be GRANTED, subject to the deletion of the sub-provision "(iii) SIXTY EIGHT THOUSAND EIGHT HUNDRED SEVENTEEN ($68,817.00) DOLLARS immediately payable to repay the liens described above" in page 5 of the Proposed Infant's Compromise Order. See Proposed Infant's Compromise Order at 5, ECF No. 76.

1

I.  **Legal Standard**

When a case involves claims by an infant plaintiff, courts in the Eastern District of New York must review any proposed settlement. See E.D.N.Y. Local Civ. R. 83.2(a); see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, & Carwile, P.C., 596 F.3d 84, 89 (2d Cir. 2010) ("District courts have broad discretion when conducting an infant compromise hearing."). The court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules . . . ." E.D.N.Y. Local Civ. R. 83.2(a)(1).  The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules ("CPLR") §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5).  The court must determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorney's fees sought are reasonable." Doe v. Mattingly, No. 06 -CV-5761 (JBW) (CLP), 2007 WL 2362888, at *1 (E.D.N.Y. Aug. 14, 2007); see Orlander v. McKnight, 12-CV-4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." Camac v. Long Beach City Sch. Dist., No. 09-CV-5309 (MKB) (GRB) 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012) (citing Mattingly, 2007 WL 2362888, at *2), report & recommendation adopted, No. 09-CV-5309 (MKB) (GKB), 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013).  Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and

should therefore be afforded some level of deference. See Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ., No. 02-CV-269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010) (collecting cases), supplemented, No. 02-CV-269 (JS) (JO), 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), report & recommendation adopted, No. 02-CV-269 (JS) (JO), 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

In assessing fairness, a court should compare "the terms of the compromise with the likely rewards of litigation." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir. 1995)). The court must "form an educated estimate of the complexity, expense, and likely duration of such litigation." Martegani v. Cirrus Design Corp., 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting Newman v. Stein, 464 F.2d 689, 692 (2d Cir. 1972) (internal quotation marks omitted), and "exercise the most jealous care that no injustice be done to the infant," Southerland v. City of New York, No. 99-CV-3329 (CPS), 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (quoting Anderson v. Sam Airlines, 94-CV-1935, 1997 WL 1179955 (E.D.N.Y. Apr. 25, 1997) (internal quotation marks omitted)). In determining an infant compromise motion, the court considers the litigation risks, but does not "decide the merits of the case or resolve unsettled legal questions." Vitucci v. Winthrop Univ. Hosp., No. 12-CV-4328 (DRH) (GRB), 2014 WL 4659274, at *4, 6 (E.D.N.Y. Sept. 17, 2014). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion. See Sch. for Language & Commc'n Dev., 2010 WL 1740416, at *2.

**II.     Discussion**

A.  Terms of the Proposed Infant's Compromise Order ("Proposed Settlement Agreement")

The parties have agreed to settle this case for the total amount of $1,593,121.18, with fifty (50%) percent attributed to future medical care costs and fifty (50%) percent attributed to other damages.  Defendant United States has agreed to pay $950,000.00 which includes: pain-and-suffering, non-medical economic losses, attorney's fees, liens and disbursements. See Settlement Statement, ECF No. 76-3. The sum of $643,121.18 will be allocated to the infant plaintiff from the Medical Indemnity Fund ("MIF"). See Proposed Infant's Compromise Order at 2, ECF No. 76.

I note that the Proposed Infant's Compromise Order includes an error in the section describing the post-deduction net settlement proceeds:

> ORDERED, that the New York City Department of Social Services for Medicaid shall have reimbursement of funds paid in the care and treatment of ZHW in the sum of SIXTY EIGHT THOUSAND EIGHT HUNDRED SEVENTEEN ($68,817.00) DOLLARS; and it is further
>
> ORDERED, that after deduction of the above-described attorney fees, litigation costs and liens, the net settlement proceeds of SIX HUNDRED NINETEEN THOUSAND THREE HUNDRED FIFTY ($619,350.00) DOLLARS are to be allocated and paid as follows: (a) ONE HUNDRED THOUSAND ($100,000.00) DOLLARS immediately payable for the benefit of ZHW and placed in an interest bearing custodial trust account, (ii) FIVE HUNDRED NINETEEN THOUSAND THREE HUNDRED FIFTY ($519,350.00) DOLLARS to fund the periodic payments described herein and (iii) SIXTY EIGHT THOUSAND EIGHT HUNDRED SEVENTEEN ($68,817.00) DOLLARS immediately payable to repay the liens described above;

Id. at 5. The underscored sub-provision "(iii) SIXTY EIGHT THOUSAND EIGHT HUNDRED SEVENTEEN ($68,817.00) DOLLARS immediately payable to repay the liens described above" shall be deleted from the proposed agreement, as it is duplicative of the preceding paragraph, and this amount is not to be deducted from the plaintiff's net settlement proceeds of $619,350.00.

B. Compliance with New York Law

In reviewing motions for approval of infant compromise, the Court must examine several documents required to be filed under N.Y. Judiciary Law § 474 and CPLR § 1205-08. These documents include an affidavit from the "infant's representative" (the natural parent or guardian of the infant) accepting the proposed compromise and declaring it fair and reasonable; an affidavit from the infant's counsel, outlining "the terms and proposed distribution of the settlement" as well as the attorney's acceptance of both; medical or hospital reports; and the proposed settlement agreement including all personal injury claims must be submitted to the court. See Mateo v. United States, No. 06-CV-2647 (KNF), 2008 U.S. Dist. LEXIS 59216, *6-7 (S.D.N.Y. Aug. 6, 2008). Here, Charlene Williams' Guardian Affidavit states the terms and proposed distribution of the settlement agreement proceeds and indicates her approval for both, as required under CPLR § 1208(a). See Guardian's Affidavit by Charlene Williams ("Guardian Affidavit") ¶ 4, ECF No. 76-1. Plaintiffs' attorney Gregory Gennarelli's Affirmation also articulates his reasons for recommending the settlement, as required under CPLR § 1208(b). See Amend. Attorney Affirmation by Gennarelli ("Amend. Attorney Affirmation"), ECF No. 76-2. Moreover, based on the medical reports submitted to this Court pursuant to CPLR § 1208(c), I find that, for the purposes of the settlement of this action, Z.H.W. is deemed to have sustained a birth-related neurological injury as a result of the negligent care provided by the defendant at the defendant's medical facility. See Doctor Report by L. Shields, M.D., ECF No. 68-2.

C. Fairness and the Best Interests of the Child

Based on my review of the proposed settlement agreement and accompanying documents, I conclude that the terms of the agreement are fair, reasonable, and serve the best interests of the infant child.

First, the settlement agreement is the product of extensive arm's length negotiations by experienced counsel. Amend. Attorney Affirmation ¶ 23. Plaintiffs' attorney affirms that the proposed settlement is the "result of prolonged negotiations with defense counsel and the United States of America. Following multiple exchanges and finally with the assistance of this Court, a final offer of settlement in the estimated gross sum of $1,593,121.18 was tendered." Amend. Attorney Affirmation ¶ 10, ECF No. 76-2. The law firm of Kenneth J. Ready & Associates specialize in medical malpractice litigation, and they have represented Plaintiffs in this case since its inception in 2010. See Guardian's Affidavit, ¶ 3; KENNETH J. READY & ASSOCIATES, http://www.readylawfirmny.com/index.php?option=com_content&view=article&id=4 (last visited Jan. 10, 2020). The Record shows that the parties engaged in substantive discovery including depositions, medical and genetic testing, and expert discovery, and thereby gained sufficient information to reach a fair settlement. See Amend. Attorney Affirmation, ¶ 9, ECF No. 76-2. Considering the risks and burden involved in further litigating this case, I conclude that the terms of the settlement agreement fairly reflect the likely rewards of litigation.

In addition, the settlement agreement includes provisions that would protect the independent, long-term interests of the infant plaintiff. Specifically, it allocates 50% of the settlement amount for payment of future medical and other health care costs (or "MIF"), and the settlement agreement is contingent upon the plaintiff's enrollment in the New York Medical Indemnity Fund as a qualifying plaintiff pursuant to N.Y. Pub. Health § 2999-g et seq. See Settlement Agreement at 2-3. Moreover, the agreement provides that that any settlement proceeds would be deposited into a custodial trust account at the highest rate of interest available. Settlement Agreement, ¶ 18. Further, part of the non-Fund portion of the settlement amount ($519,350.00) is to be used for purchasing an A+ rated annuity contract which would

yield periodic payments to the Z.H.W. upon her reaching the age of maturity, guaranteeing fixed income for the plaintiff over the course of her lifetime. See Settlement Agreement ¶ 18. Based on these facts, I conclude that the Settlement Agreement includes provisions which sufficiently protect the best interests of the child. See Settlement Agreement ¶ 18-19.

Moreover, the parties have agreed to compensate Plaintiffs' attorney in the amount of $237,500, which is equal to 25% of the total amount paid by the United States ($950,000).[1] The requested attorney's fees fall within the range of the sliding scale set forth in the New York Judiciary Law, and it does not exceed the 25% cap under the FTCA. See Jacobs v. United States, No. 08-CV-8061 (KNF), 2012 U.S. Dist. LEXIS 162767, at *55 (S.D.N.Y. Nov. 13, 2012) ("The section 474-a (2) scheduled fees are presumptively reasonable in all malpractice cases") (internal citations omitted); see also 28 U.S.C. § 2678 ("[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any . . . settlement made pursuant to section 2677 of this title."). Therefore, the Court deems the requested attorney's fees to be appropriate.

### III. Conclusion

Having examined the Record and the Parties' submissions, I conclude that the settlement is fair and reasonable because it was reached after arm's length negotiations after the completion of substantive discovery, it is endorsed by the infant Plaintiffs' guardian and attorney, it accounts for future medical costs by allocating 50% of the settlement to the MIF and partially structuring the non-MIF portion in an interest accruing annuity account. The attorney's fees requested is appropriate and reasonable. For the reasons outlined above, I recommend that the proposed

---

[1] The parties initially disputed the method of calculation for determining attorney's fees, but Plaintiffs' attorneys have since reduced their fee request and resolved the dispute. See Status Report, ECF No. 66.

infant compromise order providing for settlement of this case should be GRANTED, subject to the deletion of the sub-provision "(iii) SIXTY EIGHT THOUSAND EIGHT HUNDRED SEVENTEEN ($68,817.00) DOLLARS immediately payable to repay the liens described above" in page 5 of the Proposed Infant's Compromise Order.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see also Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
January 15, 2020